UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ECKARD,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICIA THOMAS,<br><br>    Defendant. | Case No. C19-669-TSZ<br><br>**REPORT AND RECOMMENATION** |

Plaintiff is currently a prisoner detained at the Snohomish County Jail. Before the Court is his *pro se* complaint seeking relief under 42 U.S.C § 1983. Dkt. 5. The Court screens complaints filed by plaintiffs who are prisoners under 28 U.S.C. § 1915A (a). The statute directs a court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint in this case names as defendant Patricia Thomas. Plaintiff alleges on January 26, 2019, when he exchanged a towel with jail deputy Yabut, the deputy noticed the towel was torn. The deputy ordered plaintiff to give him the torn piece of the towel. Plaintiff replied he did not have the torn piece because he received the towel in the torn condition and did

REPORT AND RECOMMENATION- 1

not tear the towel. The deputy then called defendant Thomas to address the missing torn piece of towel. Defendant Thomas had plaintiff's room searched but the search failed to reveal a torn piece of towel. Although the torn piece of towel was not found in plaintiff's room, defendant Thomas ordered that plaintiff not be provided with any towels. Plaintiff was not provided a towel until February 2, 2019. As relief, plaintiff asks the Court to issue an order prohibiting defendant from withholding towels and award him $1,000.000 in damages and costs.

## DISCUSSION

Plaintiff's complaint raises the issue of whether his Eighth Amendment rights were violated due to the conditions of his confinement. To prevail on a "conditions of confinement" claim, a plaintiff must show serious deprivation and deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294, 297–300 (1991). Generally, indigent jail inmates have the right to personal hygiene supplies. *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, not every deprivation or poor condition of confinement violates the Eighth Amendment. For example Courts have found that denying a prisoner 21 days of exercise and providing inadequate food, sanitation and care does not necessarily violate the Constitution. *See May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997).

Additionally, this Court must normally give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). In *Turner v. Safley*, 482 U.S. 78, 84, (1987), the Supreme Court set forth the standard for evaluating prisoners' constitutional claims. *Turner* held a regulation that impinges upon a prisoner's constitutional rights is valid if the regulation is reasonably related to legitimate penological interests. To guide courts in evaluating whether a

challenged regulation is reasonably related to legitimate penological interests, *Turner* established the following four-part test:

> (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.

*Id*. at 89-90. Although each factor is relevant, the Ninth Circuit considers the first factor to be the most important. *See Walker v. Sumner*, 917 F.2d 382, 385 (9th Cir. 1990). Applying the first factor to this case, defendant's action is rationally related to a legitimate penological objective. From the face of the complaint, it is apparent the Snohomish County Jail does not permit inmates to tear off pieces of any fabric material provided to inmates, including towels. This is for the obvious reason that torn fabrics could be used to make contraband such as rope; could be used as a weapon to choke a person; could be used as a combustable material to start a fire, or could be used to stop up plumbing causing flooding or broken pipes.

The jail's response is rationally related to these security concerns. The jail properly asked for the torn piece of towel; properly search plaintiff's cell for the torn pirce of towel; and properly denied plaintiff a fabric towel for about a week.[1] The denial was proper because the jail had no way of knowing where the torn piece of towel was, and given plaintiff's denial that he had torn the towel, the jail had no assurances that plaintiff was not going to continue to tear the

---

[1] Plaintiff may disagree and argue that since he did not tear the towel, the jail negligently searched his cell and improperly deprived him of a towel for a week. However, it is well established that more than negligence is required to establish a violation of the Eight Amendment. *See e.g. Estelle v. Gamble*, 429 U.S. 97 (1976).

REPORT AND RECOMMENATION- 3

towels issued him, and secrete the torn pieces in a manner that would evade detection. Hence it was rational for the jail to deny plaintiff towels for approximately a week.

In sum, plaintiff alleges he was temporarily denied a towel. The allegation fails to state an Eighth Amendment violation, and should accordingly be dismissed. If plaintiff disagrees or has other facts that he believes would alter this conclusion, he should file objections to the report and recommendation within the time frame set forth below, and also file an amended complaint at the same time containing those additional facts.

## CONCLUSION

The Court recommends for the reasons above that the complaint in this case be dismissed with prejudice. Plaintiff should not file an appeal in the Circuit Court until and unless the District Judge enters judgment in this case. Plaintiff is advised he may file objections to this Report and Recommendation, and that his objections are due no later than **May 22, 2019**. The Clerk should note the matter for **May 24, 2019**, as ready for the District Judge's consideration. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff. The Clerk shall also provide this order to plaintiff.

DATED this 8th day of May, 2019.

BRIAN A. TSUCHIDA  
United States Magistrate Judge

REPORT AND RECOMMENATION- 4