UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

        Plaintiff,

v.

PATRICIA THOMAS,

        Defendant.

Case No. C19-669-TSZ

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's motion for a preliminary injunction. Dkt. 8. The motion has been referred to the undersigned and alleges a civil rights violation not raised in the complaint filed herein. The Court accordingly recommends because plaintiff seeks injunctive relief on a matter outside the claims raised in the underlying action, the motion for injunctive relief should be denied.

**BACKGROUND**

Plaintiff is a detainee at the Snohomish County jail. The complaint he filed in this case alleges his civil rights were violated when defendant denied him a towel for a week. The Court earlier issued a report recommending the complaint be dismissed. In the motion for injunctive relief before the Court, plaintiff raises a new claim; he alleges different defendants (Leopold and Parker) who are employees at the Snohomish County Jail have denied him access to the jail law library in retaliation "to his litigious activities." Dkt. 8.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

The claim raised in the complaint before the court – Thomas denied plaintiff a towel – is unrelated to the allegations made in the motion for injunctive relief – retaliation by Leopold and Parker for litigious acts. The Court notes plaintiff has filed 10 civil rights complaints in this

REPORT AND RECOMMENDATION - 2

Court in this calendar year alone and there is no indication that the motion for injunctive relief is related to the complaint filed herein. Therefore, the Court recommends denying the motion for the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Additionally, plaintiff has not shown he is likely to succeed on the merits of the alleged denial of access to the law library claim. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds*, the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff has not alleged any actual injury. At most, plaintiff baldly alleges retaliation without supporting facts and also baldly claims he cannot conduct research to frame his arguments in his many pending cases. However, Plaintiff has continually filed timely motions in this case. Plaintiff provides no allegations or evidence his alleged lack of access to legal

materials has injured him.

As plaintiff has not shown he is likely to succeed on the merits of an access to courts claim, plaintiff has not shown he is likely to suffer irreparable injury absent injunctive relief. *See Dex Media W., Inc. v. City of Seattle*, 790 F. Supp. 2d 1276, 1289 (W.D. Wash. 2011) ("Because the court finds that Plaintiffs have failed to establish that they are likely to succeed on the merits of their First Amendment claim, the court cannot find that Plaintiffs have established that they are likely to suffer irreparable First Amendment injury in the absence of a preliminary injunction."). Because plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, we need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

In short, the plaintiff's motion for preliminary injunctive relief to assist him in preparing his legal cases is not based upon the claim pled in the complaint herein. The Court also finds plaintiff has not shown he is likely to succeed on the merits or suffer irreparable harm if the motion is not granted. The Court thus recommends the motion be denied

## OBJECTIONS AND NOTING DATE

Any objections to this Recommendation must be filed no later than **Monday, June 3, 2019**. The matter will be ready for the Court's consideration on Friday**, June 7, 2019** and the Clerk should so note the matter. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 20th day of May, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4